IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMMY A. DAWSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3187-B-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Timmy A. Dawson has filed a 28 U.S.C. § 2254 habeas application. For the reasons explained below, the Court should transfer his application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted of murder and was sentenced to 99 years imprisonment. *See State of Texas v. Timmy A. Dawson*, No. F-94-40449-HU (291st Dist. Ct., Dallas Cnty., Tex. May 25, 1994). His conviction and sentence were affirmed on direct appeal. *See Dawson v. State,* No. 05-94-00891-CR , 1998 WL 289774 (Tex. App. – Dallas, June 5, 1998, pet. refused).

Petitioner filed multiple state applications for writ of habeas corpus. As this Court already recounted, "[t]he Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed." *Dawson v. Quarterman*, No. 3:06-cv-1190-B, 2006 WL

2724018, at *1 (N.D. Tex. Sept. 20, 2006).

This Court denied Petitioner's first federal habeas corpus petition on the merits. *See Dawson v. Johnson*, No. 3:99-cv-1984-T, Dkt. Nos. 13, 15, 16 (N.D. Tex. Oct. 19, 2000). Petitioner's second, third, and fourth federal habeas petitions were all found to be successive and either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit. *See Dawson v. Cockrell*, No. 3:02-cv-2236-D, 2002 WL 31875597 (N.D. Tex. Dec. 20, 2002); *Dawson v. Quarterman*, 2006 WL 2724018; *Dawson v. Quarterman*, No. 3:06-cv-1274-L, 2006 WL 2820069 (N.D. Tex. Sept. 29, 2006).

Petitioner now seeks post-conviction relief on grounds that (1) he did not receive an evidentiary hearing in the state courts on his actual innocence claim; (2) there was prosecutorial misconduct; and (3) he received ineffective assistance of counsel. Before the Court may consider this latest application, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed.

Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE