IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMMY A. DAWSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3187-B-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this closed 28 U.S.C. § 2254 action, which was referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle, Petitioner Timmy A. Dawson, a Texas prisoner proceeding *pro se*, has filed a Motion for Rule 60 B Actual Innocence Claim. *See* Dkt. No. 22.

As Dawson's Rule 60(b) motion is substantive, the Court should construe it is a successive habeas application and deny it without prejudice to Dawson's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application. And, because of Dawson's continued abuse of the judicial system (discussed below), the Court also should warn Dawson as set out in this recommendation.

**Background**

In 1994, Dawson was convicted in state court of murder and was sentenced to 99 years' imprisonment. *See State of Texas v. Timmy A. Dawson*, No. F-94-40449-HU (291st Dist. Ct., Dallas Cnty., Tex. May 25, 1994). His conviction and sentence were

affirmed on direct appeal. *See Dawson v. State,* No. 05-94-00891-CR, 1998 WL 289774 (Tex. App. – Dallas June 5, 1998, pet. refused).

Dawson filed multiple state applications for writ of habeas corpus. As this Court already has recounted, "[t]he Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed." *Dawson v. Quarterman*, No. 3:06-cv-1190-B, 2006 WL 2724018, at *1 (N.D. Tex. Sept. 20, 2006).

This Court denied Dawson's first federal habeas corpus petition on the merits. *See Dawson v. Johnson*, No. 3:99-cv-1984-T, Dkt. Nos. 13, 15, 16 (N.D. Tex. Oct. 19, 2000). His second, third, and fourth federal habeas petitions were all found to be successive and either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit. *See Dawson v. Cockrell*, No. 3:02-cv-2236-D, 2002 WL 31875597 (N.D. Tex. Dec. 20, 2002); *Dawson v. Quarterman*, 2006 WL 2724018; *Dawson v. Quarterman*, No. 3:06-cv-1274-L, 2006 WL 2820069 (N.D. Tex. Sept. 29, 2006).

This action was initiated by Dawson filing his fifth federal habeas petition, which the Court also transferred to the Fifth Circuit as successive. *See* Dkt. Nos. 5, 6, & 7. Recently, the Fifth Circuit dismissed as frivolous Dawson's appeal of that transfer:

> Dawson does not dispute that his habeas application is successive and unauthorized. *See* 28 U.S.C. § 2244(b)(3)(A). Instead, he contends that he should be permitted to proceed because he is actually innocent, and he invokes *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and *Schlup v. Delo*, 513 U.S. 298 (1995). Dawson has not shown that his claim of innocence is based upon new evidence, in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *See Perkins*, 133

> S. Ct. at 1928.
>
> Dawson has not shown that his appeal of the transfer order involves a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.
>
> Dawson is WARNED again that the filing of frivolous motions and other documents will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

Dkt. No. 20 at 2 (internal citations modified).

### Legal Standards and Analysis

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order. Like here, "[w]hen faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion 'should be treated as a second or successive habeas petition [or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *see In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second

request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

Dawson asserts, without further explanation as to any defects in this proceeding, that he is "attacking the integrity of the Court's denial of [his] habeas corpus proceeding." Dkt. No. 22 at 1. But Dawson then argues the substance of his actual innocence claim, which is based on his contention that the sole eyewitness to testify at his trial lied and that the prosecution withheld exculpatory statements from several non-testifying eyewitnesses. *See id.* at 2-3; *see also id.* at 4-10 (affidavits in support dated from 1994 and 2000).

Although Dawson asserts that he is attacking the integrity of this Court's transfer of his fifth federal habeas application to the Fifth Circuit as successive, his motion is clearly attacking "the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. His motion therefore "raises 'a paradigmatic habeas claim.'" *Jasper*, 559 F. App'x at 371 (quoting *Rodwell v. Pepe*, 324 F.3d 66, 71-72 (1st

Cir. 2003)):

> [B]oth the Supreme Court and the federal courts of appeal have repeatedly noted that 60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions. *See, e.g., Gonzalez*, 545 U.S. at 531-32. As the First Circuit has noted, a motion that "asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm," raises "a paradigmatic habeas claim." *Rodwell*, 324 F.3d at 71-72.

*Id.* (internal citations modified).

Because Dawson's current motion is actually a successive habeas petition in disguise, his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing a successive habeas petition "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Dawson] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)).

Given Dawson's history of filing unauthorized successive habeas petitions aimed at this conviction and sentence, "a dismissal without prejudice appears more efficient

and better serves the interests of justice than a transfer in this instance," *King*, 2003 WL 21663712, at *1.

## Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County, Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

In light of Dawson's history of filing unauthorized successive collateral attacks of his 1994 state conviction and sentence in this Court, and given the Fifth Circuit's recent warning, set out above, this Court also should warn Dawson – that filing future collateral attacks concerning this conviction and sentence without first obtaining leave to file from the United States Court of Appeals for the Fifth Court of Appeals will subject him to a $100 fine. *Cf. Sims v. Thaler,* No. 3:12-cv-5152-G-BK, 2013 WL 466416, at *2 (N.D. Tex. Jan. 7, 2013) (recommending that because a habeas petitioner abused the judicial system that he be barred from filing in this Court any motions for reconsideration or to set aside judgment and any successive habeas applications unless

the filing is accompanied by a motion for leave to file), *rec. adopted*, 2013 WL 462302 (N.D. Tex. Feb. 6, 2013) (imposing recommended sanction).

## Recommendation

Because the Rule 60(b) motion [Dkt. No. 22] is substantive, the Court should construe it is an unauthorized successive habeas application and deny it without prejudice to Dawson's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application. The Court should also warn Dawson as set out above.

And the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to United States District Judge Jane J. Boyle and United States Magistrate Judge David L. Horan), and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE